IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL CHASTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1110-JDT-cgc |
| | ) | |
| MIKE MCCAGE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* prisoner Plaintiff, Paul Chastine, filed this action pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Eastern District of Tennessee against Defendant Mike McCage, alleging that McCage subjected him to excessive force on October 28, 2015, while Plaintiff was incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. (ECF No. 2.) After process was served, Defendant filed a motion to dismiss for lack of venue or, in the alternative, to transfer the case to this district. (ECF Nos. 17 & 18.) The motion to dismiss also contended that dismissal was required on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing this action, thus depriving the Court of subject matter jurisdiction. (*Id.*) On May 19, 2016, U.S. District Judge Thomas A. Varlan granted Defendant's alternative request to transfer the case to this district, where venue is proper. (ECF No. 19.) However, he did not address Defendant's contention that

Plaintiff had failed to exhaust his administrative remedies. (*Id.*) Plaintiff has not, at any time, responded to the motion to dismiss or attempted to refute Defendant's argument regarding failure to exhaust.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). However, a prisoner is not required to demonstrate exhaustion in his complaint. *Jones*, 549 U.S. at 216. Failure to exhaust is an affirmative defense on which the defendant has the burden of proof. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Section 1997e(a) requires not merely exhaustion of the available administrative remedies, but *proper exhaustion* of those remedies, meaning that a prisoner must comply with the institution's "critical procedural rules," such as time limits for filing grievances. *Woodford v. Ngo*, 548 U.S. 81 (2006).

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate

2

in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. *See also Jones*, 549 U.S. at 218.

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). Thus, an inmate who does not timely pursue all available levels of the grievance procedure has not properly exhausted a particular claim. The Sixth Circuit requires prisoners "to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224). "[I]f the plaintiff contends he was prevented from exhausting his remedies . . . the defendant [must] present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles v. Andison*, 678 F.3d 452, 458 n.10. (6th Cir. 2012).

The only reference to any grievance in Plaintiff's pleading is in response to pre-printed questions on the form complaint. In answer to the question, "Did you present the facts relating to your Complaint in the prisoner grievance procedure?" Plaintiff checked "yes." (ECF No. 2 at 4.) However, he indicated only that he "place [sic] grievance in grievance box" and that he "never received a response." (*Id.*)

In support of the motion to dismiss, Defendant has offered the affidavit of Lolie Jones, the Executive Assistant to the TDOC Deputy Commissioner. (Jones Aff., ECF No. 18-2.)

3

Jones reviewed Plaintiff's official TDOC grievance log in the Tennessee Offender Management Information System, or TOMIS. (*Id.* ¶¶ 3-4.) TOMIS reflects that Plaintiff has filed ten grievances since his incarceration began, but he has exhausted only one, #00299331, which he filed on March 4, 2016. (*Id.* ¶¶ 7-8 & Ex. A.) Although Plaintiff filed a grievance on October 27, 2015, one day before the date of the alleged assault by McCage, no other grievance was filed until February 12, 2016. (*Id.* ¶ 11 & Ex. A.)

Defendant contends that Plaintiff has failed to exhaust his administrative remedy because he has not demonstrated that he took any additional steps to inquire about the status of the grievance he claims to have put in the grievance box regarding the alleged assault. Plaintiff also has not contended that any prison official prevented him from exhausting his grievance.

Because Plaintiff has not demonstrated that he exhausted his administrative remedy with regard to his claim against the Defendant, the motion to dismiss is GRANTED. All other motions are DENIED as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for lack of exhaustion also compel the conclusion that an appeal would not be taken in good faith.

4

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE